# EXHIBIT "B"

# DECLARATION

LEGAL\50285536\1 00601.0823.000/262033.000

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| MERIDIAN AUTOMOTIVE SYSTEMS, INC. *et al* | Case No. 09-12806 (MFW) |
| Debtors.[1] | |

## DECLARATION OF MATTHEW TOMLIN IN SUPPORT OF FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CERTAIN CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, RULES 3007 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND DEL. BANKR. L.R. 3007-1

I, Matthew Tomlin declare that the following is true to the best of my knowledge, information and belief:

1. On August 7, 2009 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed a petition for relief under Chapter 11 of 11 U.S.C. § 101 et seq. in the Bankruptcy Court for the District of Delaware (the "Court").

2. On or about the Petition Date, George L. Miller was appointed by the Office of the United States Trustee to serve as the duly qualified Chapter 7 Trustee for the estates (the "Estates") of the Debtors.

3. By Order dated December 15, 2009, the Bankruptcy Court approved the Chapter 7 Trustee's Application to Employ Miller Coffey Tate LLP as the Chapter 7 Trustee's accountants (the "Accountants") [Docket No. 67]. I am one of the Accountants assisting the

---

[1] The Debtors in these chapter 7 cases, along with each of Debtors' bankruptcy case number, are: Meridian Automotive Systems, Inc. (09-12806); Meridian Automotive Systems – Angola Operations, Inc. (09-12807); Meridian Automotive Systems – Composites Operations, Inc. (09-12808); Meridian Automotive Systems – Construction, Inc. (09-12809); Meridian Automotive Systems – Detroit Operations, Inc. (09-12810); Meridian Automotive Systems – Grand Rapids Operations, Inc. (09-12812); Meridian Automotive Systems – Heavy Truck Operations, Inc. (09-12813); Meridian Automotive Systems – Mexico Operations, LLC (09-12814); and, Meridian Automotive Systems – Shreveport Operations, Inc. (09-12816).

Chapter 7 Trustee in reviewing and analyzing the filed proofs of claim and the Debtors' books and records (the "Books and Records" to determine the validity of the filed proofs of claim (the "Proofs of Claim") asserted against the Estates.

4. I submit this Declaration (the "Declaration") in support of the First Omnibus (Substantive) Objection to Certain Claims Pursuant to Section 502 of the Bankruptcy Code, Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure and Del. Bankr. L.R. 3007-1 (the "First Omnibus Objection").[2]

5. I have reviewed the First Omnibus Objection and I am aware of the statements contained therein, which statements are true and correct to the best of my knowledge, information and belief.

6. I make this Declaration on the basis of my review and analysis of the Debtors' Books and Records and the official register of claims (the "Claims Register"), information provided by the Chapter 7 Trustee, the docket, and the Proofs of Claim filed in these cases.

7. The information contained in "Exhibit "A" attached to the First Omnibus Objection is true and correct to the best of my knowledge (the "Disputed Claims") on a substantive basis for the reasons described below.

8. By the First Omnibus Objection the Trustee objects to each of the Priority Reclassified Claims identified on Exhibit "A" of the First Omnibus Objection because they improperly assert the extent of their "priority" claim under section 507(a) of the Bankruptcy Code and/or are not a claim that should be classified with priority as asserted in the Priority Reclassified Claims. Accordingly, the Trustee objects to the Priority Reclassified Claims for the reasons set forth under the heading of "Reason for Modification" on Exhibit "A" to the First

---

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings set forth in the First Omnibus Objection.

Omnibus Objection and seeks to allow such claims in the priority and amounts set forth in the column identified as "Modified Claim Amount and Priority Status" on Exhibit "A" to the First Omnibus Objection without prejudice to the Trustee's right and ability to raise any further objection.

## Conclusion

9. Based upon my review and analysis of the Disputed Claims, the Claims Register and certain Books and Records of the Debtors, I believe that granting the relief requested in the First Omnibus Objection is appropriate, correct and also in the best interests of the Debtors' Estates and creditors.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated:  January 7, 2021                /s/ *Matthew Tomlin*

                                       Matthew Tomlin
                                       Miller Coffey Tate LLP
                                       8 Penn Center, Suite 950
                                       1628 JFK Boulevard
                                       Philadelphia, PA  19103
                                       215-561-0950 Phone
                                       215-561-0330 Fax
                                       mtomlin@mctllp.com